UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-mj-00791-DLP-01*SEALED* |
| | ) |
| BYREN HART, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR PRETRIAL DETENTION**

Defendant Byren Hart is charged by way of a criminal complaint with one count of making a false statement in connection with the purchase of a firearm.  18 U.S.C. § 922(a)(6). At Hart's initial hearing on September 22, 2020, the Government requested Hart be detained pending trial on the ground that he is charged with a felony involving the possession or use of a firearm.  18 U.S.C. § 3142(f)(1)(E).  Hart objected on the ground that the offense charged does not entitle the Government to a detention hearing.

To sustain a conviction of violating 18 U.S.C. § 922(a)(6), the Government must prove that Hart knowingly made a false statement to a licensed firearms dealer, that the false statement was made in acquisition of a firearm, and that the false statement was likely to deceive the firearm's dealer as to the lawfulness of the sale of a firearm.  *United States v. Petitjean*, 883 F.2d 1341, 1345 (7th Cir. 1989).  The use or possession of a firearm is not an element of the offense charged.  The crime is knowingly making a false statement to acquire a firearm, not the possession of a firearm.  Accordingly, even though the affidavit attached to the criminal complaint alleges that Hart purchased and possessed a firearm, these allegations are superfluous to the charged offense.  As a result, the Government is not entitled to a hearing on the issue of

Hart's release or detention solely on the basis that Hart is charged under 18 U.S.C. § 922(a)(6). *See United States v. Thomas*, No. 4:11-cr-0011-TWP-MGN, 2011 WL 5386773, at *3-4 (Nov. 7, 2011) (discussing the specific and limited circumstances under which a defendant may be considered for pretrial detention).

Were this the only basis upon which the Government were seeking Hart's detention, a detention hearing would not be appropriate. However, the Government filed a response to Hart's objection clarifying that the Government is also seeking Hart's detention on the ground that he is a risk of flight. [Filing No. 6, at ECF p. 1.] The statute specifically states the Government may seek detention on the Government's motion in a case involving a serious risk that an individual will flee. 18 U.S.C. § 3142(f)(2)(A). *Thomas*, 2011 WL 5386773 at *3-4. Accordingly, this cause remains set for a detention hearing at 2:30 p.m. September 29, 2020, via video conference.

Date: 9/23/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email